PATTERSON, Judge.
This is an appeal from a revocation of probation. Appellant, Robert Lewis Snipes, was previously convicted of assault in the second degree and sentenced to ten years’ imprisonment as a habitual offender. The trial court placed appellant on probation for five years with the provision that he observe, keep, and comply with all the rules, regulations, and requirements set out in the formal written order pertaining to his case. Appellant’s probation commenced after he served a court ordered one-year split sentence in the state penitentiary.
At appellant’s probation revocation hearing, the only witness that testified was appellant’s probation officer, Reuben Harris. During Mr. Harris’s testimony, a copy of the “Conditions of Probation” was introduced into evidence without objection. The applicable conditions that are pertinent to this appeal are summarized as follows: (1) Probationer must avoid injurious or vicious habits; (2) he must pay court costs; and (3) *90 he must pay the applicable supervision fees. Mr. Harris stated in his testimony that appellant had violated all three of the aforementioned conditions for probation.
According to the “Order and Finding of the Court,” the trial judge based his decision to revoke probation on appellant’s failure to pay supervision fees and court costs. The trial court stated in its findings, “The probation officer informed Probationer of his opportunity to seek waiver of the supervision fees which Probationer did not seek. No request was made to waive costs or to permit Probationer to work with the Court authorized community service program in lieu of costs.”
Appellant contends that the trial court erred in revoking his probation for non-payment of court costs and supervision fees because the record contains no evidence of unwillingness to pay or an ability to pay and the trial court failed to make inquiry into alternatives to punishment other than imprisonment. In support of his contention, he relies on Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and Crutcher v. State, 439 So.2d 725 (Ala.Cr.App.), cert. denied, 439 So.2d 725 (Ala.1983).
The trial judge based his decision to revoke appellant’s probation solely on appellant’s failure to pay the required supervision fees, which were $15 per month while employed, and $185 court costs. The record discloses that appellant had one year from the date his probation began to pay the court costs, and at the time of revocation, the year had not expired.
In Bearden v. Georgia, 461 U.S. at 672-73, 103 S.Ct. at 2072-73, the United States Supreme Court stated:
“We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.” (Footnote omitted; emphasis added.)
Even though Bearden v. Georgia concerns the revocation of probation for the non-payment of fines and restitution, and we are concerned here with revocation for non-payment of court costs and supervision fees, we find that the same principles are involved. See, e.g., Jones v. State, 456 So.2d 1149 (Ala.Cr.App.1984).
We find that the trial court was in error in considering the non-payment of court costs as a basis for revocation of appellant’s probation. The court costs were not due at the time of the entry of the order of revocation; thus appellant was not in violation of this condition of probation.
We also find that the trial court committed reversible error when it failed to inquire into the reasons for appellant’s failure to pay. In keeping with the requirements of Bearden v. Georgia, we hold that where payment of court costs and supervision fees is made a condition of probation, a defendant’s probation may not be revoked because of his failure to pay without the court’s finding, supported by the evidence, that the defendant willfully refused to pay; that he failed to make sufficient bona fide efforts to pay; or, in the event of a showing of sufficient efforts to pay, that alternate measures to punish and deter are inadequate. No such finding was made in this case.
*91 In revocation proceedings for failure to pay fines, restitution, court costs, or supervision fees, the trial court should inquire into the reasons for the failure to pay and make specific determinations and findings in accordance with Bearden v. Georgia.
For the above reasons, we reverse and remand this case to the trial court.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
On remand, the trial court conducted a new probation revocation hearing. Prior to the hearing, a new delinquency report was issued charging appellant with violations of the terms of his probation, as follows: Disorderly conduct and failure to avoid injurious habits. Proper notice was given appellant prior to the hearing, and he was represented by counsel at the hearing. After the hearing, the trial court found that appellant, while on probation, threatened officers of the Tuscaloosa Police Department with bodily harm, including at least one threat to kill an officer, and committed the offense of disorderly conduct, for which he was convicted in the Tuscaloosa Municipal Court. Based upon those findings, the trial court revoked appellant’s probation on October 6, 1987, and ordered that he serve his full sentence. He appeals this revocation.
Upon review of the record, we find the proceedings to be proper in every respect. We find that there was sufficient evidence to support the revocation. The proceedings fully met the due process requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Appellant’s counsel has filed a brief which meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he states that “he can find no error harmful to appellant or any error which counsel could in good faith and conscience advance in appellant’s favor.”
The judgment of the trial court revoking probation is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judgés concur.